## UNITED STATES *v*. KUNDTZ (No. 1595).[1]

BELTING—LEATHER CUT TO FORM—DISTINCTION.

Strips of leather belting, made by gluing together pieces of leather cut to lengths of about 4 feet and so beveled as to give to the strips a uniform thickness when the several pieces have been permanently joined together, are not belting leather cut to form and dutiable under paragraph 451, tariff act of 1909. They are a manufacture of leather and dutiable as such under paragraph 452. Belting leather is a particular kind of leather from which belting is made; leather cut to form is leather cut to shape, but not so far advanced as to constitute a finished, completed manufacture ready for use. The merchandise at bar is belting leather, cut to form, and so far advanced as to form belting, a finished product.

## United States Court of Customs Appeals, January 22, 1916.

APPEAL from Board of United States General Appraisers, Abstract 38115.

[Reversed.]

*Bert Hanson,* Assistant Attorney General (*Thos. J. Doherty,* special attorney, of counsel), for the United States.

Submitted on record by appellee.

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

SMITH, Judge, delivered the opinion of the court:

Three strips of belting, made of leather, imported at the port of Cleveland, Ohio, were classified by the collector of customs as manufactures of leather and assessed for duty at 40 per cent ad valorem under the provisions of paragraph 452 of the tariff act of 1909, which paragraph, in so far as it is pertinent to the case, reads as follows:

452. * * * Manufactures of leather, or of which leather is the component material of chief value, not specially provided for in this section, 40 per centum ad valorem; * * *.

The importer protested that the merchandise was dutiable either as band, bend, belting, or rough leather at 5 per cent ad valorem, or as "all other leather" at 15 per cent ad valorem, under paragraph 451, or at 7½ per cent ad valorem as grain, buff, or split leather under paragraph 450. The parts of the paragraphs upon which the importer relies are as follows:

450. * * * Grain, buff, and split leather shall pay a duty of 7½ per centum ad valorem; * * *.

451. Band, bend, or belting leather, rough leather, and sole leather, 5 per centum ad valorem; dressed upper and all other leather, calfskins tanned or tanned and dressed, * * * all the foregoing not specially provided for in this section, 15 per centum ad valorem; * * *: *Provided,* That leather cut into shoe uppers or vamps or other forms, suitable for conversion into manufactured articles, and gauffre leather, shall pay a duty of 10 per centum ad valorem in addition to the duty imposed by this paragraph on leather of the same character as that from which they are cut.

The Board of General Appraisers held that the merchandise was belting leather cut to form and that it was therefore subject to a duty of 5 per cent ad valorem under the first clause of paragraph 451, and to the additional duty of 10 per cent ad valorem imposed by the proviso.

From the decision of the board the Government appealed.

As appears from the evidence in the case, the importation consists of three strips of belting, each 50 meters long, one of the strips being 100 millimeters wide by 4½ millimeters thick, another 130 millimeters wide by 5 millimeters thick, and the third 130 millimeters wide by 6 millimeters thick.

The strips are made up by gluing together pieces of leather cut to lengths of about 4 feet and so beveled as to give to the strips a uniform thickness when the several pieces of leather have been permanently joined together.

The Government contends that merchandise of this description is not belting leather cut to form, as found by the board, and we think that the Government's contention must be sustained.

Belting leather, as we understand it, is a particular kind of leather from which belting is made. See United States v. Richards (1 Ct. Cust. Appls., 537; T. D. 31548); United States v. Crabb (3 Ct. Cust. Appls., 373, 374; T. D. 32964). Leather cut to form as contemplated by the proviso to paragraph 451 is leather which has been cut to shape but which has not been so far advanced as to constitute a finished, completed manufacture, ready for use. Tilge v. United States (3 Ct. Cust. Appls., 97; T. D. 32360); Devoy v. United States (3 Ct. Cust. Appls., 444; T. D. 33034).

The merchandise is belting, composed, if you will, of lengths of belting leather cut to form, but it can not be said that it is belting leather—that is to say, leather suitable for the manufacture of belting. Neither can it be said that it is leather cut to form suitable for conversion into manufactured articles, inasmuch as it has already been converted into a manufactured article—namely, belting. At some stage in the process of making the belting the pieces of leather of which it is composed were unquestionably belting leather and belting leather cut to form, but when such pieces were not only beveled and made to fit but were permanently fastened together they lost their identity as belting leather and belting leather cut to form and became belting—a manufacture of belting leather cut to form— and therefore dutiable as a manufacture of leather. See Tilge v. United States and Devoy v. United States, supra; United States v. Richter (2 Ct. Cust. Appls., 167; T. D. 31680); United States v. George Meier & Co. (136 Fed., 764); Tidewater Oil Co. v. United States (171 U. S., 210, 216).

Whether the protest of the importer was sufficient, it is unnecessary for us to decide, in view of the fact that we find that the merchandise is not belting leather cut to form, but belting, a manufacture of belting leather.

The decision of the Board of General Appraisers is *reversed.*